Santa Ana River Development Company, a Corporation v. Commissioner.
Santa Ana River Development Co. v. Commissioner
Docket No. 72129.
United States Tax Court
T.C. Memo 1964-41; 1964 Tax Ct. Memo LEXIS 297; 23 T.C.M. (CCH) 242; T.C.M. (RIA) 64041; February 24, 1964
*297 Henry C. Diehl, for the petitioner. Wesley A. Dierberger, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: A controversy has arisen between the parties as to the computation in respect of the decision to be entered upon remand of this case by the Court of Appeals for the Ninth Circuit. This case was originally heard together with that of a related taxpayer, and was decided sub nom. , affirmed in part and reversed in part, (C.A. 9). The matter presently in dispute grows out of that portion of the case that was affirmed. This Court held that petitioner was a separate entity, not a mere agent of its two stockholders, and that the Commissioner correctly reallocated income and expense in respect of certain property held by petitioner and its stockholders as co-tenants. . The Court of Appeals affirmed as to this issue. As a consequence of the reallocations thus approved it turned out that certain amounts received by petitioner from its stockholders for services rendered during the tax years, 1952-1954, were *298 excessive. However, these latter amounts are otherwise wholly unrelated to the items that were reallocated between petitioner and its stockholders. And there is no dispute between the parties that petitioner is under an obligation to restore the excess to the stockholders. The matter presently in dispute between the parties is whether, in computing the tax liabilities for the years 1952-1954, the amounts in fact received by petitioner during each of the years 1952-1954 should be reduced by the excessive portions not yet restored. Petitioner refers us to certain language in the opinion of the Court of Appeals. But we are convinced that such language was not directed to the problem before us. It merely recognized the arrangement between petitioner and its stockholders that would require restoration of the excessive portions received. It was not concerned with the problem of determining whether such obligation would retroactively affect the tax for the earlier years, as contended in substance by petitioner, or whether petitioner is to be given tax benefit in respect thereof only in a later year when the excess amounts are in fact repaid. This issue was raised for the first time on remand. *299 [1]
We think it clear that the excessive portions must be treated as income to the recipient in the years they were received, and corresponding adjustments are properly to be taken into account only in the year or years of restoration. Cf. ; ; (C.A. 9); , affirmed, (C.A. 5). The Commissioner's computation which gives effect to the principles applied in these cases is correct and will be adopted. Footnotes
1. Petitioner suggested at the hearing on remand that the issue had previously been raised, but referred to it as the issue whether petitioner "was merely an agent for the stockholders". That latter issue was indeed in the case originally, but was decided against petitioner by this Court and the Court of Appeals. It is quite different from the issue which is now being presented.↩